

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00007-CR

_____

CHRISTOPHER HAYDEN ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19055

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As a result of a violent altercation with his then ex-girlfriend, Christopher Hayden Anderson was convicted by an Upshur County jury of family-violence assault by occlusion with one prior family-violence assault conviction, a second-degree felony.[1] After Anderson pled true to an enhancement allegation in the indictment, the jury found the allegation true, and he was sentenced to forty years' imprisonment. Anderson appeals the judgment of conviction.

Anderson's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Anderson's appellate counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Anderson with a copy of the brief and the motion to withdraw. Counsel also informed Anderson of his right to review the record and to file a pro se response and provided Anderson with a pro se motion for access to the appellate record. After Anderson filed his pro se motion for access to the record, his counsel provided him a paper copy of the clerk's and reporter's records. On August 10, 2022, this Court forwarded to Anderson a

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b-3) (Supp.).

copy of the digitally recorded exhibits that were part of the appellate record and notified Anderson that his pro se brief was due on September 26, 2022. On October 3, 2022, Anderson filed his pro se response. By letter dated November 2, 2022, we notified Anderson that the case would be submitted on briefs on November 23, 2022.

We reviewed the entire appellate record and Anderson's pro se response and independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). In this case, the judgment of conviction has an entry under "Degree of Offense" that recites "1ST DEGREE FELONY." However, Anderson was convicted under Section 22.01(b-3) of the Texas Penal Code, which provides that the offense is a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-3). Consequently, we will modify the judgment adjudicating guilt by changing the recited entry under "Degree of Offense" to "2ND DEGREE FELONY."

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Thus, we affirm the trial court's judgment, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 23, 2022
Date Decided:     December 6, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.